

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# USA v. Stile

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3083

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Stile" (2007). *2007 Decisions.* Paper 1213.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1213

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-80                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3083
_____

UNITED STATES OF AMERICA

v.

AUGUST JOHN STILE, JR.,

Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 01-cr-00102)
District Judge: Honorable Richard P. Conaboy
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2006

Before: MCKEE, FUENTES AND ROTH, <u>CIRCUIT JUDGES</u>

(Filed April 25, 2007 )

_____

OPINION
_____

PER CURIAM

August John Stile appeals the District Court's order denying his motion filed under

Rule 36 of the Federal Rules of Criminal Procedure.  In August, 2002, Stile was found

guilty after a jury trial of multiple counts of fraud and money-laundering, including Count 4, which charged Stiles with a scheme to commit bank fraud by forging the signature of Joseph P. Gowan on a check payable to Gowan and depositing the proceeds into his own account in 1996. The "Scheme and Artifice to Defraud" outlined in the Indictment was incorporated by reference in Count 4. It states that Stile continued to use the proceeds from these ill-gotten funds for his own purposes into 1997.

In April 2003, the District Court imposed a forty-six month term of imprisonment. This Court denied Stile's appeal in April 2004. On September 28, 2004, Stile filed a motion to vacate his sentence pursuant to § 2255 which was denied. We declined to issue a certificate of appealability. C.A. No. 03-2017 (3d Cir. Apr. 20, 2004). In May 2006, Stile filed a Rule 36 motion, which the District Court denied. Stile filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

Stile sought to amend the judgment to reflect the offense date in Count 4 as a date certain in March 1996. The Government opposed the motion, claiming that there was no clerical error in the judgment because the facts of the case showed that Stile continued his fraudulent money-laundering scheme (detailed in Count 4 of the Indictment) from 1996 through May of 1997.[1] The District Court agreed. The District Court rejected Stile's argument that the only charge under Count 4 was the forgery of a check payable to Joseph Gowan on March 29, 1996. The District Court held that Count 4 charged Stile with bank

---

[1] According to the Government, the change in offense date to a date prior to the enactment of the PLRA would allow the restoration of fifty-four days of earned good time credits that Stile lost pursuant to a prison disciplinary adjudication.

fraud based on a scheme that occurred between February 1996 and March 1997, the jury convicted him of the charge in Count 4, and the Judgment accurately reflected the charge for which he was convicted. Because there was no clerical error in the Judgment and Commitment, the District Court properly denied Rule 36 relief.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the reasons set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.